## PURSELL v. McQUEEN'S ADM'R.

1. In an action by a mechanic to recover for work done by him in the village in which he resided, it is competent for him to prove the *customary charge for such work by mechanics of that village*—such evidence not being intended to establish a " custom or usage."

Writ of Error to the County Court of Lowndes.

THIS case was commenced before a justice of the peace, by the plaintiff in error, in whose favor a judgment was rendered for $46 66, besides costs. Thereupon the defendant appealed to the County Court, where a judgment was recovered against him for $32 50, and against each of the parties for the costs respectively occasioned by them.

On the trial in the County Court, the plaintiff excepted to the ruling of the presiding Judge. It appears from the bill of exceptions, that the suit was brought to recover of the defendant, as administrator of James J. McQueen, the sum of $45, for making a coffin and case, in which to bury the body

of the intestate. It was proved that the coffin was as fine, or as good a one, as is ever made in Hayneville, of pine lumber, and that the same was there made in 1844, by the plaintiff.

A witness was then offered by the plaintiff who testified that he was a cabinet maker residing in Hayneville, and that the customary charges for making a coffin and case, such as that for which a recovery was sought, was $45; and that such was the "customary charge among cabinet makers in that town." To the introduction of this testimony the defendant objected, his objection was sustained, and the evidence thereupon excluded.

T. J. JUDGE, for the plaintiff in error, cited 3 Ala. R. 590; 4 Ib. 649.

A. GILCHRIST, for the defendant, cited 3 Ala. Rep. 680; 2 Cow. R. 712.

COLLIER, C. J.—The evidence rejected by the County Court, was not offered to establish what is technically designated a "custom or usage." Its purpose was, to ascertain the price of work done, and materials furnished, by showing what was the usual charge by mechanics in that community for similar work. Surely there can be no objection to such evidence. It is the every day practice for physicians to introduce members of the faculty to show the customary charge for mileage, visits, medicines, &c.; or for a lawyer to prove by his brethren the appreciation of professional services; and we can conceive of no reason why a similar privilege should not be accorded to mechanics.

We merely decide that such testimony is admissible; the case presented by the record, does not require us to go further. The judgment of the County Court is reversed, and the cause remanded.